IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MARK DABNEY,

Plaintiff pro se,

v.

GERALD E. MOORE & ASSOCIATES, and JOHN DOES 1 THRU 10,

Defendants.

CIVIL ACTION

No. 4:11-CV-0156-HLM-WEJ

**ORDER AND**
**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant Gerald W. Moore & Associates's ("Moore & Associates") Notice of Motion and Motion to Dismiss [11] and Amended Notice of Motion and Amended Motion to Dismiss [15] ("Motions to Dismiss").[1]

[1] The Court considers the above Motion and Amended Motion together, as the initial Motion contains affidavits referred to in the Amended Motion. (See Def.'s Am. Br. Mot. Dismiss 3; Duffoo Aff. [11-1]; Mendes Aff. [11-2]; Napolitano Aff. [9].)

## I. BACKGROUND

On June 8, 2011, plaintiff pro se, Mark Dabney, submitted a request to file this action in forma pauperis [1]. The Court granted that request [2] and, on June 13, 2011, the Clerk docketed plaintiff's Complaint [3]. Plaintiff alleges that defendants acquired his consumer credit report without a permissible purpose, or his consent, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b. On July 8, 2011, plaintiff filed an Amended Complaint [7] alleging substantially the same claims and adding as defendants John Does 1-10.

On July 12, 2011, Moore & Associates filed a Motion to Dismiss, and amended that Motion on July 27, 2011, arguing that venue lies in the Court's Atlanta Division because the firm resides in Atlanta, that plaintiff failed to perfect service and provided insufficient process, and that the Complaint fails to state a claim upon which relief can be granted. (See Def.'s Am. Br. Mot. Dismiss [15] 3-17.) Plaintiff pro se failed to respond.

AO 72A
(Rev.8/82)

## II. DISCUSSION

### A. Venue

Venue in a civil action founded solely on federal question jurisdiction, such as the case at bar, lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Likewise the Local Rules state that "[a]ny civil action brought in this district on the grounds that the cause of action arose here must be filed in a division of the district wherein the activity occurred." N.D. Ga. R. 3.1(B)(3). Additionally, "[t]he district court of a district in which is filed a case laying venue in the wrong division . . . shall dismiss, or if it be in the interest of justice, transfer such case to any . . . division in which it could have been brought." 28 U.S.C. § 1406(a).

The Complaint states that defendant Moore & Associates's offices are located on "2700 Cumberland Parkway Suite 400, Atlanta[,] Georgia 30339." (Am. Compl. ¶ 4.) Defendant Moore & Associates agrees and, as a result, argues that this case

AO 72A
(Rev.8/82)

should be dismissed for improper venue. (Def.'s Am. Br. Mot. Dismiss 8-9.) However, the Complaint also alleges that "[t]he occurrences which give rise to this action occurred in Bartow County, Georgia . . . ." (Am. Compl. ¶ 5.) Defendant Moore & Associates has not refuted that assertion. At this point in the litigation, it appears that venue properly lies in the Rome Division; therefore, dismissal or transfer of this action is not warranted based on venue.

**B. Service of Process**

Defendant Moore & Associates contends that plaintiff has failed to serve it and provided insufficient service of process. (Def.' Br. Am. Mot. Dismiss 9-10.)

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days to perfect service. Fed. R. Civ. P. 4(m). Here, the Court granted plaintiff's request to proceed in forma pauperis on June 13, 2011, and the Clerk docketed the Complaint on that date. Thus, the 120-day period has not yet expired and dismissal is not warranted at this time for the alleged lack of, or deficiencies in, service.

AO 72A
(Rev.8/82)

### C. Failure to State a Claim

Defendant Moore & Associates argues that plaintiff cannot support his FCRA claim and asks the Court to dismiss this case pursuant to Rule 12(b)(6). In support, defendant Moore & Associates filed three affidavits from individuals averring that plaintiff owes a credit card debt to Capital One Bank (USA) N.A. and that it authorized Moore & Associates to collected that debt. (Def.'s Am. Br. Mot. Dismiss 11-14; Duffoo Aff.; Mendes Aff.; Napolitano Aff.)

Rule 12(d) provides that,

> [i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Because defendant Moore & Associates has presented matters outside the pleadings in those affidavits, the Court must treat the Motions to Dismiss as motions for summary judgment and give plaintiff a reasonable time to present any applicable responsive materials.[2]

[2] The Court will address defendant Moore & Associates's request for attorney's fees when it considers the motions for summary judgment. (See Def.'s Am. Br. Mot. Dismiss 14-16.)

AO 72A
(Rev.8/82)

## III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Moore & Associates's Motion to Dismiss [11] and Amended Motion to Dismiss [15] be **DENIED IN PART** as to its request to dismiss for lack of venue and deficiencies in service and process.

Furthermore, the Court **NOTIFIES** plaintiff that it will treat those Motions as motions for summary judgment regarding the remaining issues, i.e., plaintiff's ability to prove his FCRA claim and Moore & Associates's request for attorney's fees. Accordingly, the Court **DIRECTS** plaintiff to file a response to the motions for summary judgment within **TWENTY-ONE (21) DAYS** of receipt of this Order. See N.D. Ga. R. 7.1(B). Plaintiff should file all materials, including affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials, which plaintiff wishes the Court to consider in opposition to the motions for summary judgment. See Fed. R. Civ. P. 56(c); Moore v. State of Fla., 703 F.2d 516, 519 (11th Cir. 1983) (per curiam).

The Court will take the motions for summary judgment under advisement immediately upon the close of the twenty-one day period. Moore, 703 F.2d at 519. Plaintiff is cautioned that entry of summary judgment by the Court is a final


judgment on the claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). The plaintiff bears the burden of proof at trial on dispositive issues; therefore, where a defendant moving for summary judgment demonstrates the absence of any genuine issue of fact, the plaintiff then must go beyond the pleadings and demonstrate, by affidavit or other materials, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Fed. R. Civ. P. 56. If a plaintiff fails to meet that burden, the Court may grant summary judgment in favor of the defendant on those claims. Fed. R. Civ. P. 56(a), (e)(3).

**SO ORDERED AND RECOMMENDED**, this 30th day of August, 2011.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MARK DABNEY,

Plaintiff pro se,

v.

GERALD E. MOORE & ASSOCIATES, and JOHN DOES 1 THRU 10,

Defendants.

CIVIL ACTION

No. 4:11-CV-0156-HLM-WEJ

**ORDER FOR SERVICE OF**
**NON-FINAL REPORT AND RECOMMENDATION**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections

will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Non-Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 30th day of August, 2011.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)