## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| MARK DABNEY.    ) | |
| )  | |
| Plaintiff,    ) | |
| )  | |
| vs.    ) | CIVIL ACTION FILE NO. |
| | 4:11-CV-00156-HLM-WEJ |
| )  | |
| GERALD E. MOORE &    ) | |
| ASSOCIATES, | |
| John Does 1-10    ) | |
| Defendant(s).    ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, The Law Offices of Gerald E. Moore & Associates, P.C. (hereinafter "GEMA" or "Defendant") and replies to the Plaintiff's response to its Motion for Summary Judgment.

The Plaintiff's entire analysis regarding the word "Account" is based on the misuse of the definition of account located at 15 U.S.C.A. § 1681a(r)(4). The Plaintiff's reliance on the word "account" is misplaced and is a red herring.

In fact, it is clear that the definition of account used at 15 U.S.C.A. § 1681a(r)(4) is limited to its use as it relates to credit and debit terms used in subsection (r ). When the entire definition section is read together, it is clear that

1

the statute is defining those terms as it relates to credit and debit.  Subsection (r)(4) is intended to define the terms as used in subsection (r)(3) as it relates to a debit card.  15 U.S.C.A. § 1681a(r) provides completely as follows (emphasis added):

**(r) Credit and debit related terms**

**(1) Card issuer**

The term "card issuer" means--

**(A)** a credit card issuer, in the case of a credit card; and

**(B)** a debit card issuer, in the case of a debit card.

**(2) Credit card**

The term "credit card" has the same meaning as in section 1602 of this title.

**(3) Debit card**

The term "debit card" means any card issued by a financial institution to a consumer for use in initiating an electronic fund transfer from the account of the consumer at such financial institution, for the purpose of transferring money between accounts or obtaining money, property, labor, or services.

**(4) Account and electronic fund transfer**

The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

**(5) Credit and creditor**

> The terms "credit" and "creditor" have the same meanings as in section 1691a of this title.

Pursuant to 15 U.S.C. § 1681b(a)(3)(A), a permissible purpose exists if the credit report information is intended to be used in "connection with a <u>credit transaction</u> involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or <u>collection of an account of</u>, <u>the consumer</u>" (emphasis added). In this case, it is clear that obtaining the Plaintiff's credit report was in connection with a credit transaction involving the Plaintiff and involving collection of Plaintiff's Capital One credit card account.

Furthermore, Defendant draws the court's attention to a recent case out of the Third Circuit, <u>Huertas v. Galaxy Asset Management</u>, 641 F.3d 28, 35(N.J. 2011), which dealt with the very issue of this case. In <u>Huertas</u>, the Plaintiff filed suit claiming that one of the Defendants, Asset Management Professionals ("AMP"), had obtained his credit report without any FCRA-sanctioned purpose. The specific debt in question, in that case, was credit card debt. The court in <u>Huertas</u> stated "it was that consumer transaction which ultimately resulted in AMP's accessing the Huertas's credit report to collect on his delinquent accounts. Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances." See also <u>Phillips v. Grendahl</u>, 312 F.3d 357 (8th Cir., 2002), wherein the Court held that "in addition to the statutory purposes listed in section

3

1681a(d), such as extension of credit or offer of employment, the statute incorporates by reference the statutory purposes listed in 15 U.S.C. § 1681b. One purpose in that list is use "in connection with a credit transaction... involving ... collection of an account of, the consumer,"-in other words, debt collection. <u>Phillips v. Grendahl</u>, at 366.  See also <u>Mcnall v. Credit Bureau Of Josephine County Inc</u>, 689 F.Supp2nd 1267, 1273 (D. Or., 2011), wherein the court found that the Ninth Circuit interprets "collection of an account" as collection of a debt.

These cases are consistent with the Federal Trade Commission's interpretation of the statute.   The Federal Trade Commission is charged with enforcing the FCRA.  The Federal Trade Commission has stated in its 117 page publication "40 Years of Experience with the Fair Credit Reporting Act" published July 2011, in pertinent part as follows:

> **Section 604(a)(3)(A)** allows a CRA to furnish consumer reports to a person which it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"…………….
>
> 3. REPORTS FOR "REVIEW OR COLLECTION OF AN ACCOUNT" – PERMISSIBLE PURPOSE EXISTS
>
> A. <u>Creditor</u>. In order for a creditor to have a permissible purpose to obtain a consumer report to review an account, it must have an existing credit account with

4

the consumer and must use the consumer report solely to consider taking action with respect to the account (e.g., modifying the terms of an open end account). A creditor has a permissible purpose to obtain a consumer report on one of its customers for the purpose of review of the account, even where the customer has sought to discharge his/her debt in bankruptcy. A creditor who is deciding whether to participate in a debt management plan which would involve the cooperation of all of the consumer's creditors has a permissible "review" purpose under this section.

B. <u>Debt collection</u>. A collection agency, detective agency, private investigator, or attorney has a permissible "collection" purpose under this section to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on behalf of a creditor. A creditor may obtain a consumer report on an existing account to formulate its collection strategy. An attorney collecting a debt for a creditor client has a permissible purpose to obtain a consumer report on the debtor to the same extent as the client.

Page 44 of the FTC Publication redacted copy attached hereto as Exhibit "A". The entire report is available on the internet at www.ftc.gov/os/statutes/fcrajump.shtm. Said publication is admissible per Federal Rules of Evidence Rule 803(8), 28 U.S.C.A. See also 16 C.F.R. Subchapter F, Part 600, 604.

The Plaintiff cannot prove any set of facts which would entitle him to relief, as such, his Complaint and Amended Complaint should be dismissed for failure to

state a claim upon which relief can be granted as a matter of law pursuant to FRCP 12(b)(6).

## IV.   CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted as a matter of law because he has failed to plead facts sufficient to show that GEMA obtained his credit report for an impermissible purpose.   Merely obtaining a consumer's credit report does not violate the FCRA.   GEMA was referred an account for collections and/or litigation for a debt owed by the Plaintiff to GEMA's client, Capital One Bank (USA) N.A.  GEMA had reason to believe that at the time it obtained the credit report, a debt was owed by Plaintiff to its client. A permissible purpose for obtaining the Plaintiff's credit report is a complete defense.   Therefore, under no set of facts, can the Plaintiff recover for violation of the FCRA, and his Complaint and Amended Complaint should be dismissed with prejudice as a matter of law pursuant to FRCP 12(b)(6).

Wherefore, GEMA respectfully prays that this Court enter judgment in its favor, that it dismiss Plaintiff's Complaint and Amended Complaint with prejudice, that it apply the cost of Court and Defendant's attorney's fees pursuant to 15 U.S.C. 1691n(c) against Plaintiff in the amount of $3,120.00, and that it grant Defendant any such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of September 2011.

s/  John M. Duffoo, Esq.
JOHN M. DUFFOO
Georgia State Bar No. 231973

For the Law Offices of
Gerald E. Moore & Associates, PC
2700 Cumberland Parkway, Suite 400
Atlanta, Georgia 3339
678.385.5353 phone
678.385.5357 fax
jmduffoo@gemalaw.com

**EXHIBIT "A"**

# 40 YEARS OF EXPERIENCE

## WITH THE FAIR CREDIT REPORTING ACT

### AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS

July 2011 | Federal Trade Commission

# Contents

## Staff Report

Introduction                                                             1

Evolution of the Fair Credit Reporting Act                               2

FTC Enforcement of the FCRA                                              3

FTC's Regulatory and Interpretive Roles                                  5

FTC Staff Summary and Relationship to 1990 Commentary                    7

Other Significant Interpretations in the FTC Staff Summary              12

## Summary of Interpretations

Overview                                                                17

Reference to multiple sections                                          17

Summary references to FCRA                                              17

Terminology                                                             17

Citations to FACT Act rules                                             18

Section 601 – Short Title                                               19

Section 602 – Findings and Purpose                                      19

Section 603 – Definitions and Rules of Construction                     19

Section 604 – Permissible Purposes of Reports                           40

Section 605 – Requirements Relating to Information Contained in
              Consumer Reports                                          55

Section 605A – Identity Theft Prevention; Fraud Alerts and Active Duty Alerts   60

Section 605B – Block of Information Resulting From Identity Theft        61

Section 606 – Disclosure of Investigative Consumer Reports              62

Section 607 – Compliance Procedures                                     64

Section 608 – Disclosures to Governmental Agencies                      70

Section 609 – Disclosures to Consumers                                  70

Section 610 – Conditions and Form of File Disclosure to Consumer        74

Section 611– Procedure in Case of Disputed Accuracy                     75

Section 612 – Charges for Certain Disclosures ............................ 79

Section 613 – Public Record Information for Employment Purposes ... 81

Section 614 – Restrictions on Investigative Consumer Reports ........ 82

Section 615 – Requirements on Users of Consumer Reports ........... 82

Sections 616-617 – Civil Liability for Negligent or Willful Noncompliance .. 89

Section 618 – Jurisdiction of Courts; Limitation of Actions ............ 89

Section 619 – Obtaining Information Under False Pretenses ........... 89

Section 620 – Unauthorized Disclosures by Officers or Employees .... 89

Section 621 – Administrative Enforcement .............................. 89

Section 622 – Information on Overdue Child Support Obligations ..... 91

Section 623 – Duties of Furnishers of Information to CRAs ............ 92

Section 624 – Affiliate Marketing ....................................... 97

Section 625 – Relation to State Laws ................................... 97

Section 626 – Disclosures to FBI for Counterintelligence Purposes ... 97

Section 627 – Disclosures to Governmental Agencies for Counterterrorism Purposes .. 98

Section 628 – Disposal of Records ...................................... 98

Section 629 – Corporate and Technological Circumvention Prohibited .. 98

1990 Comments not incorporated into 2011 Summary ................. 99

Endnotes ............................................................... 100

List of FTC FCRA Cases ................................................ 108

2.   INTERNAL REVENUE SERVICE SUMMONS

An Internal Revenue Service summons is an exception to the requirement that an order be signed by a judge before it constitutes an "order of a court" under this section, because another statute (26 U.S.C. §7609) specifically requires a CRA to furnish a consumer report in response to an IRS summons.[108] See comment 604(a)-1C, concerning specific provisions of the FCRA that allow or require CRAs to supply information to governmental entities.

**Section 604(a)(2)** allows CRAs to furnish consumer reports in accord "with the written instructions of the consumer to whom it relates."

1.   CONSUMER INSTRUCTION

A consumer's written consent qualifies as an "instruction" that provides a permissible purpose under this section if it clearly authorizes the issuance of a consumer report on that consumer.[109] For example, a consumer's clear and specific written statement that "I authorize you to procure a consumer report on me" provides a permissible purpose under this section. However, the consumer's signature on a form that includes the statement "I understand that where appropriate, credit bureau reports may be obtained" is not a sufficiently specific instruction from the consumer to authorize a CRA to provide a consumer report. This language is more in the nature of a notification that a consumer report might be procured, as opposed to a grant of permission to obtain the consumer report.[110]

2.   WRITTEN AUTHORIZATION

A consumer may transmit "written" authorization electronically or by facsimile, in addition to regular mail or in person.[111] The Electronic Signatures in Global and National Commerce Act ("ESIGN") (15 U.S.C. §§7001 *et seq*., Public Law 106-229; June 30, 2000) provides that a consumer's consent is not invalid merely because it is communicated in electronic form. A consumer's "electronic signature" may be an acceptable method of providing "written instructions" under the FCRA. To be valid under the ESIGN Act, electronic authorization must be in a form that can be retained and retrieved in a perceivable form. Whether an e-mail, a mouse click "yes,"  or other electronic means clearly conveys the consumer's instructions depends on the specific facts.[112]

**Section 604(a)(3)(A)** allows a CRA to furnish consumer reports to a person which it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"

1.   REPORTS "IN CONNECTION WITH A CREDIT TRANSACTION INVOLVING THE CONSUMER"

A.   Credit application. An application by a consumer for credit gives rise to a permissible purpose to obtain a consumer report, regardless of form. When a consumer applies for credit, whether in person, by phone, by mail, or by electronic means, the creditor has a permissible purpose to obtain a consumer report on the applicant, and thus does not need specific authorization from the applicant.[113]

B.   Real estate transactions. A seller of property has a permissible purpose under this subsection to obtain a consumer report on a prospective purchaser to whom the seller has been requested

to extend credit.[114] Similarly, a real estate agent acting on behalf of a seller with a permissible purpose may obtain the consumer report.[115]

## 2. INFORMATION ON AN APPLICANT'S SPOUSE

A. <u>Where permissible purpose exists</u>. A creditor has a permissible purpose to obtain a consumer report on an applicant's spouse if that spouse will be permitted to use the account or will be contractually liable upon the account, or if the applicant is relying on the spouse's income as a basis for repayment of the credit requested. In addition, a creditor may obtain a consumer report on an applicant's spouse if (i) the state law doctrine of necessaries (which may make a consumer liable for certain debts of a spouse) applies to the transaction, (ii) the applicant resides in a community property state, (iii) the property upon which the applicant is relying as a basis for repayment of the credit requested is located in such a state, or (iv) the applicant is acting as the agent of the nonapplicant spouse.[116]

B. <u>Where permissible purpose does not exist</u>. A creditor does not have a permissible purpose to obtain a report on a nonapplicant spouse if the creditor receives information indicating that (i) the applicant is not acting as the agent of the nonapplicant spouse, (ii) the applicant is relying only on separate property to repay the credit extended, (iii) the state law doctrine of necessaries does not apply to the transaction, or (iv) the applicant does not reside in a community property state. Where Regulation B, issued under the ECOA (12 CFR 202), prohibits the creditor from requesting information on such a spouse, a permissible purpose for making a consumer report on a nonapplicant spouse can never exist under the FCRA. There is no permissible purpose to obtain a consumer report on a nonapplicant former spouse or on a nonapplicant spouse who has legally separated or otherwise indicated an intent to legally disassociate with the marriage. (This does not preclude reporting a prior joint credit account of former spouses for which the spouse that is the subject of the report is still contractually liable.)[117]

## 3. REPORTS FOR "REVIEW OR COLLECTION OF AN ACCOUNT" – PERMISSIBLE PURPOSE EXISTS

A. <u>Creditor</u>. In order for a creditor to have a permissible purpose to obtain a consumer report to review an account, it must have an existing credit account with the consumer and must use the consumer report solely to consider taking action with respect to the account (e.g., modifying the terms of an open end account).[118] A creditor has a permissible purpose to obtain a consumer report on one of its customers for the purpose of review of the account, even where the customer has sought to discharge his/her debt in bankruptcy. A creditor who is deciding whether to participate in a debt management plan which would involve the cooperation of all of the consumer's creditors has a permissible "review" purpose under this section.

B. <u>Debt collection</u>. A collection agency, detective agency, private investigator, or attorney has a permissible "collection" purpose under this section to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on behalf of a creditor.[119] A creditor may obtain a consumer report on an existing account to formulate its collection strategy. An attorney collecting a debt for a creditor client has a permissible purpose to obtain a consumer report on the debtor to the same extent as the client.[120]

C. <u>Bad checks</u>. A person attempting to recover the amount due on a bad check is attempting to collect a debt and, therefore, has a permissible purpose to obtain a consumer report on the consumer who wrote it, and on any other consumer who is liable for the amount of that check under applicable state law.[121]

44

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the foregoing Reply to the Plaintiff's Response to Defendant's Motion for Summary Judgment, upon the Plaintiff, by depositing a copy of same in the United States Mail with adequate postage affixed thereon, properly addressed as follows:

MARK DABNEY
294 McCORMICK ROAD
CARTERSVILLE GA 30120

This 30th day of September, 2011.

s/  John M. Duffoo, Esq.
JOHN M. DUFFOO
Georgia State Bar No. 231973

For the Law Offices of
Gerald E. Moore & Associates, PC
2700 Cumberland Parkway
Suite 400
Atlanta, Georgia 3339
678.385.5353 phone
678.385.5357 fax
jmduffoo@gemalaw.com

8

## <u>LOCAL RULE CERTIFICATION</u>

Counsel certifies that the foregoing document was prepared in accordance with the type and font selection approved by Local Rules in Times New Roman using a 14 point font.

This 30th day of September, 2011.

<u>s/  John M. Duffoo, Esq.</u>
JOHN M. DUFFOO
Georgia State Bar No. 231973

For the Law Offices of
Gerald E. Moore & Associates, PC
2700 Cumberland Parkway
Suite 400
Atlanta, Georgia 3339
678.385.5353 phone
678.385.5357 fax
jmduffoo@gemalaw.com