FILED IN CLERK'S OFFICE
U.S.D.C. Rome

DEC 15 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Mark Dabney )
    Plaintiff )
   )
   ) Case No. 4:11-cv-00156-HLM-WEJ
Vs. )
   )
GERALD E. MOORE & ASSOC. )
   ) Judge Walter E. Johnson
    Defendant(s) ) Trial by Jury Demanded

## MOTION TO SET ASIDE

Comes now Plaintiff Mark Dabney, within the time permitted by 28 U.S.C. 636, and moves the Honorable United States District Court Judge to set aside the FINAL REPORT AND RECOMMENDATION rendered in Case No. 4:11-CV-0156-HLM-WEJ for failure to comply with the proper Rule of Law to wit:

In plaintiff's clear and unequivocal pleading before the Magistrate Court he referenced the provable fact that he had sent to Defendants 3 letters containing his request for out of court settlement for the amount provided by law for the unlawful breach of his privacy, the second of which plainly set forth his claim that Defendant's did not have permissible purpose as they did not have a permissible account upon which to proceed.

Plaintiff also raised that understanding of the plain language of the law in his pleadings, but the Judge below ignored the fact of a second letter, dated May 27, 20011, making an equivalent finding of fact that there were only two letters, not three.

Further, the judge below, in spite of being cited the plain language of the statutes, relegated the plea of the language of the law of Plaintiff to a mere footnote number 2 at the bottom of page 8 of his decision and held said claim to be "inapplicable". Rather than addressing the plain language of the exempting statutes and resolving any misunderstandings of law which might exist in an effort to resolve the matter for future generations, he chose to simply ignore an act of Congress.

**Please take Judicial Notice:  Huertes vs. Galaxy Asset Management does not, emphatically does NOT address the question of the legal definition of the term "account" within the FCRA and is oft used as the actual red herring to make a baseless claim of case law appear substantial.** The Defendant has asserted a worthless pile of documents none of which bears any signature of any kind – apart from an unsubstantiated affidavit of Mr. Richard Nepalitano which cannot stand on its own. Neither can GEMA document any actual agreement with Capital 1 as to any collection of an account – if they could have – they would have done so already.  They have put forth an *unsigned* "contract" that supposedly gives them the right to collect – but that assertion without disclosure of an actual collection agreement is moot at best – fraud at worst. Beyond that, Captial 1 may have collected insurance on the alleged defaulted account which would negate their need to disclose IRS form 1099 writing off the bad debt – but that Capital 1 has not disclosed IRS form 1099 pertaining to the alleged account shows that likely to be the case.  To be clear – as was addressed in the second page of the actual second letter, this raises the plausibility of the evidence of a debt

scheme that is rampant – the likelihood is that GEMA purchased evidence of a debt that gave them the color of law to collect from those unwitting of this scheme and how to lawfully defeat it.

WHEREFORE, Plaintiff respectfully requests this Honorable District Court Judge to set aside the decision of the Magistrate Judge and resolve the underlying pleadings, treated as a Motion for Summary Judgment, in favor of Plaintiff. The standard of review on a motion for Summary requires that in addition to all questions of fact being resolved in a light most favorable to the non-moving party before such may be granted, so too, must all questions of law. Alternatively, this Honorable Judge may remand the issue to the Magistrate Judge with instructions to consider the question of law issue of permissible account, or modify the decision of the underlying Judge so that the Summary Judgment decision comports with the proper use of the rules of practice and procedure and comports with the duty to interpret all pertinent statutes in a way that supports and enforces the totality of the legislative intent. This consistent with Fed. R. Civ. P. 72(a).

Additionally, Plaintiff understands that the rational of his understanding is predicated upon a rather convoluted reading of multiple statutes, and that on their face they may seem a bit hard to understand. In an effort to provide additional edification, Plaintiff calls the attention of this Honorable Court to 12 C.F.R. 226.2(15)(ii) which states in pertinent part:

> "Credit card account under an open-end (not home-secured) consumer
> credit plan means any *open-end credit account* accessed by a credit card,

except: ..."

Additionally, Plaintiff must point out that should this decision be permitted to stand there will be no continuation of the discovery process whereby Plaintiff shall be able to determine, as an evidentiary matter of fact and of law, whether or not there is a real party in interest before this Court as claimed by Defendants thereby raising the specter of a fraud being perpetrated upon this Court.

That decision is, as a matter of law, clearly erroneous and contrary to law, and as a number of courts have observed that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009).

Respectfully submitted this 14th day of December 2011.

_____
Mark Dabney, Pro Se

294 McCormick Road
Cartersville Georgia 30120
678-938-3324

Service to:
Mr. John Duffoo
    **The Law Offices of Gerald E. Moore & Assoc. P. C.**
    **2700 Cumberland Parkway Suite 400**
    **Atlanta Georgia 30339**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| MARK DABNEY,<br>    Plaintiff, | )<br>) CIVIL ACTION NO.<br>) 4:11-CV-00156-HLM-WEJ<br>) |
| v. | )<br>)<br>) |
| THE LAW OFFICES OF<br>GERALD E. MOORE & ASSOC P.C.<br>and JOHN DOES 1 THRU 10, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of Plaintiff Mark Dabney, Notice of Opposition by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

    Mr. John Duffoo
    The Law Offices of Gerald E. Moore & Assoc. P. C.
    2700 Cumberland Parkway Suite 400
    Atlanta Georgia 30339

This 14th Day of December 2011

*/s/ Mark Dabney*
**Mark Dabney**