IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Mark Dabney,                          :
                                      :
        Plaintiff,                    :
                                      :
v.                                    :      CIVIL ACTION FILE NO.
                                      :      4:11-cv-0156-HLM-WEJ
Gerald E. Moore &                     :
Associates, & John Does               :
1 thru 10,

        Defendants.


## ORDER

This is an action under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681b.  This case is before the Court

on Defendant the Law Offices of Gerald E. Moore &

Associates P.C.'s ("Defendant GEMA") Motions for Summary

Judgment [11, 15], on the Non-Final Report and

Recommendation of United States Magistrate Judge Walter

E. Johnson [17], and on the Final Report and

Recommendation of United States Magistrate Judge Walter

E. Johnson [22].

## I.    Standard of Review Governing a Report and Recommendation

28 U.S.C.A. § 636(b)(1) requires that in reviewing a

magistrate judge's report and recommendation, the district

court "shall make a de novo determination of those portions

of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C.A.

§ 636(b)(1).  The Court therefore must conduct a de novo

review if a party files "a proper, specific objection" to a factual

finding contained in the report and recommendation.  Macort

v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey

2

S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513

(11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307,

1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750

(11th Cir. 1988).   If no party files a timely objection to a

factual finding in the report and recommendation, the Court

reviews that finding for clear error.   Macort, 208 F. App'x at

784.   Legal conclusions, of course, are subject to de novo

review regardless of whether a party specifically objects.

United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006);

United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

### A.   Procedural Background

On June 8, 2011, Plaintiff filed an Application for Leave

to Proceed in forma pauperis.   (Docket Entry No. 1.)   On

3

June 13, 2011 the Court granted Plaintiff's Application and docketed Plaintiff's Complaint. (Docket Entry Nos. 2-3.) Plaintiff alleges that Defendant GEMA acquired his consumer credit report without his consent or a permissible purpose, in violation of the FCRA. (Docket Entry No. 3.) On July 8, 2011, Plaintiff filed an Amended Complaint alleging the same claims and adding Defendants John Does 1-10. (Docket Entry No. 7.) On July 12, 2011, Defendant GEMA filed a Motion to Dismiss. (Docket Entry No. 11.) On July 27, 2011, Defendant GEMA filed an Amended Motion to Dismiss. (Docket Entry No. 15.)

On August 30, 2011 Judge Johnson issued a Non-Final Report and Recommendation denying Defendant's Motion to Dismiss and Amended Motion to Dismiss as to its objections

based on venue and deficiencies in service and process. (Docket Entry No. 17; Non-Final Report and Recommendation at 3-4.)   Additionally, because Judge Johnson found that Defendant GEMA had presented mattes outside of the pleadings in support of those Motions to Dismiss,[1] the Judge Johnson notified Plaintiff <u>pro se</u> that the court would convert those Motions to Dismiss into Motions for Summary Judgment concerning the two remaining issues: (1) Plaintiff's ability to prove his claim under the FCRA, and (2) Defendant GEMA's request for attorney's fees.  (<u>Id.</u> at 5-6.)[2]

---

[1] Defendant GEMA filed three affidavits averring that Plaintiff owes a credit card debt to Capital One Bank (USA) N.A. ("Capital One"), and that Capital One authorized Defendant GEMA to collect that debt. (<u>See</u> Aff. of John Duffoo [Docket Entry Nos. 8-1, 11-1]; Aff. of Shane Mendes [Docket Entry Nos. 8-2, 11-2]; Aff. or Richard Napolitano [Docket Entry Nos. 9, 12].)   These affidavits were docketed twice.

[2] The Court agrees with Judge Johnson's decision to convert

On November 28, 2011, Judge Johnson issued a Final Report and Recommendation, in which he recommended that the Court grant Defendant GEMA's Motion for Summary Judgment and Amended Motion for Summary Judgment. (Final Report and Recommendation at 12.)  On December 15, 2011, Plaintiff filed his Objections to the Final Report and Recommendation.   The Court concludes that it is not necessary for Defendant GEMA to respond to those objections, and consequently finds that this case is ripe for resolution.

---

those Motions to Dismiss into Motions for Summary Judgment.  The Court consequently treats the Motions to Dismiss as Motions for Summary Judgment concerning Plaintiff's FCRA claim and Defendant GEMA's request for attorney's fees.

## B.   Factual Background

Because Judge Johnson converted Defendant GEMA's Motions to Dismiss into Motions for Summary Judgment, the documents normally associated with a motion for summary judgment under Local Rule 56.1 are not present.   The undisputed facts in this case, however, are easily discerned from the record.

On January 21, 2011, Capital One Bank (USA) N.A. ("Capital One") forwarded to Defendant GEMA Plaintiff's defaulted credit card account for collection and/or litigation. (Napolitano Aff. ¶¶ 4-8.)[3]  On January 25, 2011, Defendant

---

[3]The Court overrules Plaintiff's objections to the Affidavit of Richard Napolitano and to the attached contract.   Although the contract is unsigned, Plaintiff agreed to the contract, which governs his account with Capitol One, when he signed the application for the credit card.  (Napolitano Aff. Ex. 1.)

GEMA sent a demand letter to Plaintiff explaining that it had been authorized by Capital One to handle the collection of Plaintiff's debt. (Duffoo Aff. ¶ 5.) Also on January 25, 2011, Defendant GEMA obtained Plaintiff's Experian credit report pursuant to the certification made by Defendant GEMA to Experian in the Consumer Service Schedule dated May 25, 2005. (Id. ¶ 6.)

On or about May 23, 2011, Defendant GEMA received a letter from Plaintiff threatening litigation against Defendant GEMA over its access of his credit report if Plaintiff did not receive money. (Duffoo Aff. ¶ 7.) On that same date, Defendant GEMA drafted a responsive letter to Plaintiff informing him that Defendant GEMA had a permissible purpose for obtaining his credit report—the collection of his

Capital One account.  (Id. ¶ 8.)  On or about May 27, 2011,

Plaintiff sent Defendant GEMA a letter asserting that

Defendant GEMA did not have a permissible purpose for

obtaining his credit report.  (Pl.'s Resp. Def.'s Mot. Summ. J.

Ex. 1.)[4]   On or about June 6, 2011, Defendant GEMA

received a second letter from Plaintiff, which included a copy

of the lawsuit he intended to file.  (Id. ¶ 9.)  Also on June 6,

2011, Defendant GEMA sent responsive correspondence to

Plaintiff rejecting his settlement demand, enclosing a copy of

the May 23, 2011 letter, and recommending that Plaintiff not

file what Defendant GEMA deemed to be a frivolous suit.  (Id.

¶ 10.)

---

[4]In his Objection, Plaintiff argues that Judge Johnson ignored his second letter.  The Court includes Plaintiff's second letter in the statement of facts, but cannot find that it affects the outcome of the case.

## III.   Motions to Dismiss[5]

### A.   Venue

Under 18 U.S.C. § 1391(b), venue in a civil action founded solely on federal question jurisdiction, such as this case, lies in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Likewise, the Local Rules state that "[a]ny civil action brought in this district on the grounds that

---

[5]Before evaluating the Motions for Summary Judgment, the Court reviews Judge Johnson's denial of the venue and service of process portions of Defendant GEMA's Motions to Dismiss.

the cause of action arose here must be filed in a division of the district wherein the activity occurred." N.D. Ga. R. 3.1(B)(3). Additionally, "[t]he district court of a district in which is filed a case laying venue in the wrong division . . . shall dismiss, or if it be in the interest of justice, transfer such case to any . . . division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendant GEMA argues that this case should be dismissed for improper venue because the Complaint states that Defendant GEMA's offices are located on "2700 Cumberland Parkway Suite 400, Atlanta[,] Georgia 30339." (Am. Compl. ¶ 4.) The Complaint, however, alleges that "[t]he occurrences which gives rise to this action occurred in Bartow County, Georgia . . . ." (Id. ¶ 5.) Defendant GEMA

has not refuted that assertion. At this point in the litigation, it consequently appears that venue properly lies in the Rome Division. The Court therefore agrees with Judge Johnson's well-reasoned Report and Recommendation, and denies Defendant GEMA's Motion to Dismiss or transfer this action based on venue.

## B. Service of Process

Defendant GEMA contends that Plaintiff has failed to provide sufficient service of process. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days to perfect service. Fed. R. Civ. P. 4(m). Here, the Court granted Plaintiff's request to proceed in forma pauperis on June 13, 2011, and the Clerk docketed the Complaint on that date. Plaintiff served Defendant GEMA on August 19, 2011.

(Docket Entry No. 19.) Additionally, the 120-day period had not expired when Defendant GEMA moved to dismiss for insufficient or defective service of process. The Court consequently agrees with Judge Johnson, and finds that dismissal is not warranted for the alleged lack of, or deficiencies in, service of process.

## IV. Motions for Summary Judgment

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the Court that summary judgment is appropriate, and may satisfy

13

this burden by pointing to materials in the record.  Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Allen v. Bd. of Public Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007).  Once the moving party has supported its motion adequately, the non-movant has the burden of showing summary judgment is improper by coming forward with specific facts that demonstrate the existence of a genuine issue for trial.  Allen, 495 F.3d at 1314.

When evaluating a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1241 (11th Cir. 2007).  The Court also must

"'resolve all reasonable doubts about the facts in favor of the non-movant.'" Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008) (quoting United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555, 1558 (11th Cir. 1990)). Further, the Court may not make credibility determinations, weigh conflicting evidence to resolve disputed factual issues, or assess the quality of the evidence presented. Reese, 527 F.3d at 1271; Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1140 (11th Cir. 2007). Finally, the Court does not make factual determinations. In re Celotex Corp., 487 F.3d at 1328.

## B.   Discussion

### 1.   Plaintiff's FCRA Claim

Plaintiff alleges that Defendant GEMA acquired his consumer credit report without a permissible purpose and without consent, in violation of the FCRA.  Defendant GEMA argues that it had a permissible purpose for obtaining Plaintiff's credit report—the collection of Plaintiff's debt owed to Capital One—and that it consequently did not need Plaintiff's consent.

The FCRA "governs the use and dissemination of consumer credit information."   Meeks v. Murphy Auto Grp., Inc., No. 8:09-CV-1050-T-TBM, 2010 WL 5174525, at *7 (M.D. Fla. Dec. 15, 2010).   The FCRA provides that a consumer reporting agency ("CRA") may furnish a consumer

report under specified permissible purposes.  15 U.S.C. §

1681b.  Included in those permissible purposes are reports

provided "[i]n accordance with the written instructions of the

consumer to whom it relates," id. § 1681b(a)(2), reports

provided to a person which the CRA has reason to believe

"intends to use the information in connection with a credit

transaction involving the consumer on whom the information

is to be furnished and involving the extension of credit to, or

**review or collection of an account of, the consumer**," id.

§ 1681b(a)(3)(A) (emphasis added), or reports provided to a

person which the CRA has reason to believe "otherwise has

a legitimate business need for the information–in connection

with a business transaction that is initiated by the consumer,"

id. § 1681b(a)(3)(F)(I).   The FCRA prohibits a person,

including a corporation, from obtaining or using a consumer report for any purpose unless the report is obtained for a permissible purpose and "the purpose is certified in accordance with section 1681e . . . by a prospective user of the report through a general or specific certification." Id. § 1681b(f)(2).

In order to prove a violation of the FCRA, a plaintiff must show that the credit information was obtained for an impermissible purpose. Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999). The issue of whether a report has been obtained for a permissible purpose presents a question of law. Id. A showing of permissible purpose is a complete defense to an action under the FCRA.

Id.; accord Rydell v. Servco Auto Windward, No. 11-00485 JMS-KSC, 2011 WL 5506088, at *2 (D. Haw. Nov. 9, 2011).

Here, it is undisputed that Defendant GEMA obtained Plaintiff's credit report from Experian, a CRA.  The issue is whether Defendant GEMA obtained Plaintiff's credit report for a permissible purpose.  For the following reasons, the Court agrees with Judge Johnson's well-reasoned Final Report and Recommendation and finds that the undisputed facts demonstrate that Defendant GEMA obtained Plaintiff's credit report for a permissible purpose.

First, Defendant GEMA obtained Plaintiff's credit report only after receiving referral of Plaintiff's account from its client, Capital One.  (Duffoo Aff. ¶¶ 5-6.)  At that time, Defendant GEMA had reason to believe that Plaintiff owed

Capital One a debt on his credit card account.   Plaintiff sought credit from Capital One, and that consumer credit transaction ultimately resulted in Defendant GEMA accessing Plaintiff's credit report to collect on his delinquent account. Second, Defendant GEMA certified the permissible purpose in accordance with 15 U.S.C. § 1681e through a general and/or specific certification executed with Experian. (Duffoo Aff. ¶ 6 & Ex. B.)  Under those circumstances, 15 U.S.C. § 1681b(a)(3)(A) clearly authorized Defendant GEMA to access Plaintiff's credit report.  See Huertas v. Galaxy Asset Mgt., 641 F.3d 28, 34 (3d Cir. 2011) (15 U.S.C. § 1681b(a)(3)(A) authorizes a debt collector to access consumer's credit report in order to collect on his delinquent

account).[6]  The Court therefore agrees with Judge Johnson

and finds that there was no FCRA violation as a matter of

law.[7]

_____

[6]In his Objections, Plaintiff argues that <u>Huertas</u> is a "red herring" and does not address the legal definition of the term account.  The Court disagrees.  <u>Huerta</u> clearly establishes that collection of a delinquent credit card account is a permissible purpose under 15 U.S.C. § 1681(a)(3)(A).  The <u>Huerta</u> court did not address Plaintiff's version of the legal definition of "account" because, as discussed below, that definition is inapplicable.

[7] Plaintiff's argument in his response brief (Docket Entry No. 14 at 2-3) and in his Objections based on the definition of "account and electronic fund transfer" in 15 U.S.C. § 1681a(r)(4), which references 15 U.S.C. § 1693a(2), which in turn references 15 U.S.C. § 1602(i), is inapplicable, because those provisions do not address the issue raised here.  Reading the statute as a whole, the definition of "Account and electronic fund transfer" in 15 U.S.C. § 1681a(r)(4) does not apply to the whole statute. Instead, those definitions are intended to clarify the definition of the term "debit card", which is defined in the previous section, 15 U.S.C. § 1681a(r)(3), as "any card issued by a financial institution for a consumer for use in initiating an <u>electronic fund transfer from the account</u> of the consumer at such financial institution for the purpose of transferring money . . . ." 15 U.S.C. § 1681a(r)(3) (emphasis in original).  For the purposes of defining a debit card, the definition of account is limited to a "demand deposit, savings deposit, or other asset account."  15 U.S.C. § 1693(a)(2).

Plaintiff argues that his consent was required before his credit report could be obtained.  Judge Johnson, however, correctly found that "'consent or knowledge is not required if a report is obtained for a permissible purpose set forth in 1681b(a)(3).'"  (Final Report and Recommendation at 8-9 (quoting <u>Wallace v. Finkel</u>, No. 1:06CV05-SRW, 2006 WL 1731149, at *5 (M.D. Ala. June 22, 2006)).)

In sum, the Court agrees with Judge Johnson, and finds that Plaintiff has submitted no probative evidence creating a disputed issue of material fact as to his FCRA claim.  Instead,

---

Plaintiff cites no authority suggesting that this definition of account applies to 15 U.S.C. § 1681b(a)(3)(A), or that Section 1681b(a)(3)(A) excludes a credit card account. A credit card account is plainly a consumer initiated "credit transaction," and collection of a credit card debt consequently provides a permissible purpose for a debt collector to access an account under 15 U.S.C. § 1681b(a)(3)(A).  The Court therefore overrules Plaintiff's objections based on the definition of "account".

the undisputed, material facts demonstrate that Defendant GEMA obtained Plaintiff's credit report for a permissible purpose under the FCRA.   The Court therefore   grants Defendant's   Motion   for   Summary   Judgment   as   to Defendant's FCRA claim.

### 2.   Defendant's Request for Attorney's Fees

Defendant   GEMA   seeks   an   award   of   reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(c), which provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award   to   the   prevailing   party   attorney's   fees reasonable   in   relation   to   the   work   expended   in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c).

The plain language of this section authorizes the recovery of attorney's fees only when a pleading, motion or other paper is filed in bad faith or for the purposes of harassment. <u>Smith v. HM Wallace, Inc.</u>, No. 08-22372-CIV, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009); <u>Rogers v. Johnson-Norman</u>, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) (holding that § 1681n(c) requires proof that filing, not maintenance, of action was in bad faith or for harassment). "Bad faith" requires a showing that the plaintiff either had subjective bad faith or filed an action that was frivolous, unreasonable or without foundation. <u>O'Connor v. Trans Union, LLC</u>, No. 05-CV-74498, 2008 WL 4910670, at *20 (E.D. Mich. Nov.13, 2008); <u>see also</u> <u>Shipley v. Trans Union Corp.</u>, No. C04-2560P, 2006 WL 1515594, at *3 (W.D. Wash.

May 25, 2006) ("[B]ad faith 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'") (quoting <u>Black's Law Dictionary</u> 139 (6th ed. 1990)).  The burden is on the party moving for fees under Section 1681n to demonstrate that fees are warranted. <u>Eller v. Experian Info. Solutions, Inc.</u>, No. 09-CV-00040-WJM-KMT, 2011 WL 3365955, at *16 (D. Colo. May 17, 2011).

Here, on or about May 23, 2011, Defendant GEMA received a letter from Plaintiff threatening litigation if Defendant GEMA did not pay money to him for accessing his credit report.  (Duffoo Aff. ¶ 7.)  On May 23, 2011, Defendant

GEMA drafted a responsive letter to Plaintiff informing him that it had a permissible purpose for accessing the report—the collection of the debt on his Capital One account. (Id. ¶ 8.)  On or about June 6, 2011, GEMA received a second letter from Plaintiff, which asked for a settlement of $1,000 and included a copy of the lawsuit Plaintiff intended to file if he did not receive a check within seven days.  (Id. ¶ 9.) On June 6, 2011, Defendant GEMA sent responsive correspondence to Plaintiff enclosing a copy of the aforementioned letter of May 23, 2011, explaining again that it had a permissible purpose to obtain his credit report, and advising Plaintiff that it had a complete defense to any claim. (Id. ¶ 10) Although Defendant GEMA advised Plaintiff on multiple occasions not to file a frivolous suit, Plaintiff ignored

those warnings and filed the instant suit.  Plaintiff's <u>pro se</u> status is no excuse; the statutory provisions that govern are clear and easily applied.

Given these facts, the Court agrees with Judge Johnson, and finds that Plaintiff filed his lawsuit in bad faith and/or for purposes of harassment.  Defendant GEMA requests reasonable attorney's fees in the amount of $3,120.00 (i.e., 15.6 hours at $200 per hour).  (Duffoo Aff. ¶¶ 16-21).  Given the Court's familiarity with counsel rates in the relevant legal community, the Court agrees with Judge Johnson and finds that the hourly rate is reasonable.  Moreover, upon review of the billing summary (<u>Id.</u> Ex. F), the Court finds that the time spent also appears reasonable.  The Court therefore agrees with Judge Johnson's well-reasoned Final Report and

Recommendation, and finds that judgment should be entered against Plaintiff awarding attorney's fees in the amount of $3,120.00 to Defendant GEMA.

### 3. The John Doe Defendants 1-10

Plaintiff added John Does 1-10 in the case style of the Amended Complaint, but Plaintiff's Amended Complaint makes no allegations against any of those Defendants. Morever, there is no return of service showing that process was delivered to any of them.

Generally, "fictitious party practice is not permitted in federal Court," New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997), except when the complaint describes the defendant so specifically that his identity may be ascertained, Dean v. Barber, 951 F.2d 1210, 1215-16

28

(11th Cir. 1992). Here, the Amended Complaint fails to describe those defendants so specifically that their identities can be ascertained. The Court therefore agrees with Judge Johnson that dismissal of the John Does Defendants is appropriate, and dismisses the unnamed and unserved John Doe Defendants 1-10 from this action.

## III.  Conclusion

ACCORDINGLY, the Court **OVERRULES** Plaintiff's Objections to the Final Report and Recommendation [23], and **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [17] and the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [22]. The Court **DENIES** Defendant GEMA's Motions to Dismiss [11] and

Amended Motion to Dismiss [15] as to Defendant GEMA's objections based on service and venue, and **GRANTS** Defendant GEMA's Motion for Summary Judgment [11] and Amended Motion for Summary Judgment [15] as to Plaintiff's FCRA claim and Defendant GEMA's claim for attorney's fees. The Court **AWARDS** attorney's fees in the amount of $3,120.00 to Defendant GEMA, and **DIRECTS** the Clerk to enter judgment in favor of Defendant GEMA against Plaintiff in that amount. Finally, the Court **DIRECTS** the Clerk to **CLOSE THE CASE**.

IT IS SO ORDERED, this the 19 day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE